UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MECHELLE MAGEE, ET AL. | CIVIL ACTION |
| VERSUS | NO. 23-6709 |
| JOSEPH LOPINTO, ET AL. | SECTION "R" (5) |

## ORDER AND REASONS

Before the Court is plaintiffs Mechelle Magee, Ashton Reid, and Shilar Reid's unopposed motion to stay this action pending the resolution of criminal proceedings against them in state court regarding the same subject matter.[1] For the following reasons, the Court grants the motion.

## I.   BACKGROUND

This case arises out of an incident between plaintiffs and deputies of the Jefferson Parish Sheriff's Office ("JPSO") during an investigatory stop on November 7, 2022, that resulted in plaintiffs' subsequent arrests.[2] Plaintiffs seek damages under 42 U.S.C. § 1983 and allege that the JPSO deputies used excessive force during the stop and arrest, violating their civil rights.[3]

---

[1]   R. Doc. 20.
[2]   *See* R. Doc. 1 ¶ 3.
[3]   *Id.* ¶¶ 15-18.

Plaintiffs currently face charges in the 24th Judicial District Court of Louisiana related to the incident. *See* 24th Judicial District Court, Section "N", Case Nos. 23-1017, 23-1018.

Plaintiffs moved to stay this civil action pending the outcome of their criminal proceedings.[4] Defendants do not oppose the motion. The Court considers the motion below.

## II. LEGAL STANDARD

When a party in a civil case is facing criminal charges, a district court may, in its discretion, stay the civil action. *United States v. Kordel*, 397 U.S. 1, (1970); *see also In re Ramu Corp.*, 903 F.2d 312, 318 (5th Cir. 1990) ("The stay of a pending matter is ordinarily within the trial court's wide discretion to control the course of litigation, which includes authority to control the scope and pace of recovery."). The Fifth Circuit has held that, in ruling on requests for stays of the civil side of parallel civil/criminal proceedings, "[j]udicial discretion and procedural flexibility should be utilized to harmonize the conflicting rules and to prevent the rules and policies applicable to one suit from doing violence to those pertaining to the other." *Campbell v. Eastland*, 307 F.2d 478, 487 (5th Cir. 1962).

---

4     R. Doc. 20.

A district court must stay proceedings to "prevent a party from suffering substantial and irreparable prejudice." *Sec. & Exch. Comm'n v. First Fin. Grp. of Texas, Inc.*, 659 F.2d 660, 668 (5th Cir. 1981). To determine whether a stay is warranted, courts in the Fifth Circuit apply a six-factor test considering: (1) the extent to which the issues overlap in the criminal case and the civil case, (2) the status of the criminal case, including whether the defendant has been indicted, (3) the interests of the plaintiff in proceeding expeditiously, weighed against the prejudice to the plaintiff caused by the delay, (4) the interests of and the burden on the defendant, (5) the interests of the courts, and (6) the public interest. *Alcala v. Tex. Webb Cty.*, 625 F. Supp. 2d 391, 399 (S.D. Tex. 2009) (collecting district court cases within the Fifth Circuit applying these factors).

## III. DISCUSSION

Plaintiffs seek a stay to ensure that they will be able to meaningfully participate in discovery, depositions, and motion practice without waiving their Fifth Amendment right against self-incrimination.[5] The Court finds that such a stay is warranted.

---

[5] R. Doc. 20-1 at 2-3.

First, there is significant overlap between the criminal case and the civil case. The similarity of issues in the underlying civil and criminal actions is considered the most important threshold in determining whether to grant a stay. *Doe v. Morris*, No. 11-1532, 2012 WL 359315, at *1 (E.D. La. Feb. 2, 2012) (citing *Dominguez v. Hartford Financial Servs. Group, Inc.*, 530 F. Supp. 2d 902, 905 (S.D. Tex. 2008)). Plaintiffs provide scant information in their motion and complaint about the nature and subject matter of their criminal cases. Nevertheless, plaintiffs allege that they were not engaging in any criminal activity and that JPSO deputies placed each plaintiff under arrest to minimize and cover up their unauthorized use of excessive force.[6] The circumstances surrounding plaintiffs' arrests therefore appear to be centrally at issue in both the criminal and civil proceedings.

Moreover, plaintiffs assert that if their civil case proceeds, they will invoke their Fifth Amendment rights against self-incrimination at depositions and in response to written discovery requests.[7] "A party claiming a Fifth Amendment privilege can constitute a 'special circumstance' in which a stay is necessary 'to prevent a party from suffering substantial and irreparable prejudice.'" *Cruz Meija v. Bros. Petroleum*, No. 12-2842,

---

6     R. Doc. 1 ¶¶ 15 & 16.
7     R. Doc. 20-1 at 2-3.

2019 WL 343026, at *2 (E.D. La. July 30, 2019) (citing *First Fin. Grp. of Texas, Inc.*, 659 F.2d at 668)).  The first factor "weighs heavily in favor of a stay" when a significant portion of questions posed to a party would likely result in the assertion of Fifth Amendment rights.  *Id.* (citing *Dominguez*, 530 F. Supp. 2d at 907)).  The overlap between the criminal and civil action here therefore supports the issuance of a stay.

Second, plaintiffs have been indicted and the criminal prosecution is proceeding to trial.[8]  The return of a criminal indictment requires the Court to "strongly consider staying the civil proceedings until the related criminal proceedings are resolved."  *Whitney Nat'l Bank v. Air Ambulance ex rel. B & C Flight Mgmt., Inc.*, No. 4-2220, 2007 WL 1468417, at *3 (S.D. Tex. May 18, 2007); *see also Cazaubon v. MR Precious Metals, LLC*, No. 14-2241, 2015 WL 4937888, at *3 (E.D. La. Aug. 17, 2015) (finding that a stay is more likely to be necessary after an indictment is issued because "there is greater risk of self-incrimination" (citation omitted)).  Additionally, plaintiffs brought the motion to stay, and defendants offer no opposition. Thus, defendants do not even suggest that a stay would burden or prejudice them. Therefore, the second, third, and fourth factors militate in favor of a stay.

---

8 R. Doc. 20-1 at 6.

Lastly, the Court has interests in judicial economy and expediency. *Alcala*, 625 F. Supp. 2d at 407. And the "public has an interest in the resolution of disputes with minimal delay, but only to the extent that the integrity of the defendant's rights can be maintained." *Id.* (citation omitted). But granting a stay will serve both interests because "conducting the criminal proceedings first advances judicial economy." *Sec. & Exch. Comm'n v. Offill*, No. 7-1643, 2008 WL 958072, at *3 (N.D. Tex. Apr. 9, 2008) (stating that resolution of the criminal case may increase prospects for collateral estoppel and res judicata, as well as civil settlement); *see also Campbell*, 307 F.2d at 487 (stating that "[a]dministrative policy gives priority to the public interest in law enforcement" regarding the issue of "which case should be tried first"). The fifth and sixth factors therefore also weigh in favor of a stay.

## IV. CONCLUSION

For the foregoing reasons, the Court finds that plaintiffs have met their burden of demonstrating that a stay is warranted. Accordingly, the Court GRANTS plaintiffs' motion to stay. The case is hereby administratively closed pending the outcome of plaintiffs' criminal trial in state court, preserving the right of any party to re-open the matter once the criminal proceeding has concluded.

New Orleans, Louisiana, this __26th__ day of November, 2024.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE